**STATE of Missouri, Plaintiff–Appellant,**

v.

**Rodney R. GARRINGER, Defendant–Respondent.**

**No. 20429.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 8, 1996.

Steven H. Kaderly, Pros. Atty., Barton County, Lamar, for appellant.

No appearance for respondent.

PARRISH, Judge.

Rodney R. Garringer (defendant) was charged with driving while intoxicated. § 577.010.[1] He filed a motion to dismiss the information alleging that he was being subjected to double jeopardy. The state had previously suspended defendant's driver's license as permitted by § 302.500, *et seq.,* based on the same conduct that resulted in the driving while intoxicated charge. The trial court granted the motion and dismissed

---

1. References to statutes are to RSMo 1994.

the information. The state appeals the dismissal of the charge as permitted by § 547.200.2.

The only issue on appeal is whether prosecution for the offense of driving while intoxicated would subject defendant to double jeopardy because of the prior suspension of his driver's license. This court finds it would not.

The state presents two points on appeal. Both assert the trial court erred in holding that defendant's criminal charge subjected him to double jeopardy as a result of his having previously had his driver's license suspended based on the same conduct that resulted in the driving while intoxicated charge.

In Point I the state argues that the administrative suspension was not punishment for defendant's conduct. In Point II it argues that the legislature, in providing for an administrative procedure for suspending a driver's license under these facts intended a driver to "be subject to both criminal punishment and administrative sanctions as the result of the same conduct."

The double jeopardy issue raised by the state was resolved in its favor by the Supreme Court of Missouri in *State v. Mayo*, 915 S.W.2d 758 (Mo. banc 1996). Points I and II are granted. The order dismissing the information is reversed and the case is remanded for further proceedings.

SHRUM, C.J., and CROW, J., concur.